*120 OPINION.
Akundell :
As we understand respondent’s position in this matter, it is that petitioner and his brother had a joint interest in whatever profit was to he realized on the sale of petitioner’s seat on the New York Stock Exchange, and that until the seat was actually sold at a profit Carl had no claim on petitioner and there was no indebtedness due him by petitioner. Respondent cites as authority for his position various cases which hold that interest on a promise to make a gift is not deductible. Simon Benson, 9 B.T.A. 279; Gilman v. Commissioner, 53 Fed. (2d) 47. This does not appear to us to be the situation. There came a time between the two brothers when it was desirable to reach a more definite agreement than they had. Petitioner did not want to sell his seat on the exchange, around which he had built a substantial business. He and his brother wanted to know, however, how they stood, and to that end it was agreed between them that petitioner was definitely indebted to the extent of $208,000, and the written contract of January 1, 1929, definitely acknowledged that this sum was due Carl, which sum was due at January 1, 1934, with interest at the rate of 6 percent per annum. Petitioner had been able to obtain the funds with which to purchase the stock exchange seat only with the consent of his brother Carl, who imposed the condition of the profit-sharing arrangement. When the time came that petitioner wanted to have his liability more- definitely fixed than under the arrangement theretofore existing, seat prices were on the way up and Carl was in a position where, as far as events could then be foreseen, he would receive substantially more than $208,000 if he insisted on standing on the original agreement. Had he done so, petitioner would have been unable to determine the amount of his liability at January 1, 1929, when it became desirable for petitioner to have it more definitely fixed. The agreement whereby Carl was to have 10 percent of the amount by which the last sale exceeded $600,000 was thus inserted as a consideration for his waiving claim to a further share on a 50-50 basis. The original loan and the waiver of claim to additional profits were adequate consideration for petitioner’s agreement to pay $208,000. The fact that interest has been regularly paid and that the principal of the indebtedness has been substantially curtailed indicates only too clearly *121 that the agreement was genuine and existing. There is nothing in the record that we can find that would warrant the disallowance of the deduction as interest on an indebtedness. On this point the respondent .is reversed.
No evidence was offered on the deductibility of the $6,000 paid by petitioner to his mother, and on the record we find no reason for disturbing the respondent’s action in disallowing the deduction.

Decision will be entered umder Bule 50.